Curia, per

Earle, J.
held that the exemption claimed by the relator was not authorized by the terms of the Acts referred to, and, at all events, that any such exemption was done away, as well by the general enactment, as by the repealing clause of the road Act of 1825, (p. 29.) On the question of jurisdiction, the Court said:
It is equally clear, in the opinion of the Court, that the Commissioners have no authority to issue an execution for ,any fine or penalty exceeding $20. By the A. A. 1825, each *110 Board of Commissioners was constituted a court, for the trial of persons charged with any default, for which fine or penalty was imposed by that Act, not exceeding #20 ; and their power to award execution was expressly limited to the same amount. By A. A. 1826, sec. 27, (p. 31,) the section of the Act of 1825 just referred to, was repealed, but the same authority to hear and determine in cases of default, when the fine, penalty, or forfeiture does not exceed #20, was conferred on three Commissioners, who were likewise empowered to issue execution therefor. Their jurisdiction is expressly limited to #20, and they cannot impose any larger sum. In what manner the Commissioners shall proceed to enforce the road laws when the fines and penalties shall exceed #20, we are not called upon to decide. The Legislature has not prescribed any mode of proceeding; and whether the Commissioners shall prosecute by indictment, or bring their action of debt, is left to themselves to determine. And this is rendered the more remarkable by the 12th section of the Act of 1825, which provides that, if any inhabitant shall refuse or neglect to make a return to the Commissioners, of the number of his male slaves, liable to work on the roads, when called on to do so, the Commissioners shall be authorized to make an assessment on such defaulter, of #4 for each slave so withheld; and they may do this from the best information they may be able to obtain. Such assessment may amount in some instances to a hundred, or several hundred dollars. Yet their decision seems intended to be final and conclusive, for no appeal is allowed. And I suppose they were left without the power to enforce their decision, unless by bringing their action, in order to enable the defaulter to submit his case to a jury — on the trial of which, I apprehend, the assessment made by the Commissioners would not be gainsaid or controverted. It is a strange anomaly, only pointed out, as in the case of Priester, (Supra, p. 103,) to enable those, whose province it is, to supply a corrective.
Cam for the relator; Clarke, contra.
The Commissioners, having made their assessment, had no power to proceed farther, and, in issuing execution for #32, we are constrained to hold with the Judge below, that they exceeded their jurisdiction, and that the prohibition was properly awarded, restraining the collection of more than #20.
The whole Court concurred.